In the Matter of the Application of MARTHA J. NIEMI, Appellant, for Dissolution of Marriage, under Chapter 279, Laws of 1922, Section 7-a, Domestic Relations Law.*

Second Department, April 25, 1928.

**Husband and wife — dissolution of marriage, under Domestic Relations Law, § 7-a — petition alleges that petitioner was abandoned by husband in Finland in 1922 — petitioner has resided in New York more than one year — no allegation of matrimonial domicile in this State — petition is sufficient.**

The petition in this proceeding to dissolve petitioner's marriage, which was instituted under section 7-a of the Domestic Relations Law, alleges that the petitioner was married in Finland in 1920, that her husband deserted her in that country in 1922, and that she has resided in the State of New York for more than one year, but it does not allege the residence of her husband nor show their matrimonial domicile in this State. The petition is sufficient.

LAZANSKY, P. J., dissents.

APPEAL by the petitioner from an order of the Supreme Court, entered in the office of the clerk of the county of Kings on the 28th day of January, 1928.

The order appealed from denies petitioner's application for an order of publication of a notice of presentation and object of petition, pursuant to section 7-a of the Domestic Relations Law (as added by Laws of 1922, chap. 279).

*Henry A. Strongman,* for the appellant.

RICH, J. The proceeding was instituted under section 7-a of the Domestic Relations Law for the dissolution of petitioner's marriage. It is alleged in the petition that the petitioner resides and has resided in the borough of Brooklyn for more than one year and that she was married on December 23, 1920, in Finland, to one Johannes Niemi. She alleges that, in the month of August, 1922, her husband deserted her and disappeared from their home in Finland. She claims to have been informed by some friends in Finland that her husband had come to the United States, but that she has been unable to locate him. She has presented the usual petition under section 7-a of the Domestic Relations Law for an order dissolving the marriage, and applied to the court at Special Term for the usual order for the publication of the notice of presentation and object of the petition; her application has been denied, and from the order entered thereon she appeals.

The learned Special Term has denied her application, as appears by the order, because the petition fails to show that there ever was a matrimonial domicile in this State and that it does not

* But see 223 App. Div. 471.

appear that the husband was ever in the United States, and has held that the petition is insufficient to give the court jurisdiction of this proceeding. The statute (Dom. Rel. Law, § 7-a) contains no requirement as to the residence of either party. While the only matrimonial domicile of the petitioner and her husband was in Finland, the petition does state, as I have said, that he abandoned her there. Under these circumstances it was competent for her to acquire a new domicile. (*Kaufman* v. *Kaufman,* 177 App. Div. 162, 163.) She resides and has resided in this State for more than one year; and while the Legislature has made no requirement as to residence, still, in the analogous case of an action for an annulment, a domicile may be maintained where the parties have been married without the State and the plaintiff is a resident of the State and has been a resident of the State for one year preceding the institution of the action. (Civ. Prac. Act, § 1146-a, subd. 3, added by Laws of 1923, chap. 372, as amd. by Laws of 1924, chap. 156.) The Legislature has not said that the marriage must have been contracted in this State, or that the husband must have resided here, and, under the circumstances, I am of the opinion that the petition was sufficient to give the court jurisdiction of the proceeding and that it erred in declining jurisdiction.

It follows that the order should be reversed upon the law, without costs, and application for an order of publication of a notice of presentation and object of petition for the dissolution of petitioner's marriage granted.

SEEGER, J., concurs; CARSWELL, J., concurs in result, in a separate memorandum; HAGARTY, J., concurs with CARSWELL, J.; LAZANSKY, P. J., dissents and votes to affirm upon the ground that the allegations of the petition are insufficient to show that the court has jurisdiction of the subject-matter thereof.

CARSWELL, J. (concurring). All the statutory provisions relating to actions for divorce, separation or annulment of marriage specifically require a plaintiff to show jurisdictional facts, such as residence or marriage within the State, or the like.

Section 7-a of the Domestic Relations Law (as added by Laws of 1922, chap. 279), however, provides for dissolution of a marriage because of continued absence of a spouse for five years or more, without making any such requirement. Despite this omission, that section contemplates the existence of a matrimonial domicile within the State; that the *res* of the matrimonial status sought to be dissolved are within the State. If the statute be not so read, it would offend the Due Process of Law Clause of the United States Constitu-

tion, and a decree pursuant thereto would not be entitled to the benefit of the Full Faith and Credit Clause of the United States Constitution.    (See U. S. Const. 14th Amendt. § 1; Id. art. 4, § 1.)

Here, though the allegations of fact are meagre, there is sufficient in the petition, for the purposes of the order sought herein, to sustain *prima facie* the view that the petitioner was deserted by her husband in Finland.    That fact, if sustained by evidence, enabled her to claim that the *res* of the matrimonial status were possessed by her and could be carried into another jurisdiction.    She may, therefore, claim in this case to have brought the *res* into New York State, of which State she alleges she is a resident.    This fact would give jurisdiction to sustain the granting of an order of publication herein.    This would leave open, however, the satisfying of the trial court upon the hearing that the *res* were in fact within the jurisdiction by reason of the wife having become possessed of them as a result of the fault of the husband in deserting her. If it should develop upon the evidence that the husband was not at fault, then the petitioner would be disabled from validly claiming she had brought the *res* into the State, since, if she be the one at fault, the *res* of the matrimonial status never would be possessed by her as against the husband.    (*Hunt* v. *Hunt,* 72 N. Y. 217; *Atherton* v. *Atherton,* 181 U. S. 155; *Haddock* v. *Haddock,* 201 id. 562.)

HAGARTY, J., concurs.

Order denying application for order of publication reversed upon the law, without costs, and motion granted.