JACOB GENAUER, Plaintiff, *v.* SADIE GENAUER, etc., Defendant.

Supreme Court, Bronx County, July 9, 1929.

*Waldman & Lieberman* [*Elias Lieberman* of counsel], for the plaintiff.

*James A. Sullivan*, special guardian, for the defendant.

TIERNEY, J. This is an action brought against the wife to have the marriage annulled on the ground that the defendant has been incurably insane for a period of five years or more. The statute that permits this is the amendment to the Domestic Relations Law by the addition of subdivision 5 to section 7 by chapter 589 of the Laws of 1928. The statute requires that before rendering judgment the court must exact security to be approved by a judge of the court for the suitable care and maintenance of the defendant during life. In the present case the plaintiff has shown that he is entitled to such a judgment of annulment if he can comply with the requirement of giving adequate security. The questions presented to the court for determination are what is the adequate amount required for the suitable care and maintenance of the defendant and how the payment of the same shall be secured. The first question is quite analogous to the question so frequently presented in actions of divorce of fixing alimony. A like method would be applied of ascertaining the means of the husband and the requirements of the wife in her present condition. This may be presented in the form of affidavits. As to the method of securing payment it must be noted that the payment to be secured is during the lifetime of the defendant. If a bond is given it must be for the joint lives of the parties. As the defendant would lose her right to support by the death of her husband if the marriage were not annulled, I think that a bond limited to the joint lives, instead of to the life of the defendant, would meet the requirements of the statute. Nothing less than this would do so. I do not think that the bond of the husband to pay for the support of the defendant during her life would be sufficient unless it be under exceptional circumstances. Adequate security should be a bond of the husband with a satisfactory surety. No suggestion has been made in this case of giving security in any form but that of a bond, so I have not alluded to any other method of giving security, but, of course, this might be done by giving a mortgage or by the deposit of cash or investment securities. Let the plaintiff proceed accordingly.