MYRON D. STEVENS, Committee of the Person and Estate of NINA S. DRAUDT, an Incompetent Person, Plaintiff, *v.* PEOPLES BANK OF HAMBURG, NEW YORK, Executor, etc., of EDWARD H. DRAUDT, Deceased, and Others, Defendants.

Supreme Court, Erie County, October 31, 1935.

*Bagley, Wechter & Irvin,* for the plaintiff.

*Harold V. Cook,* for the defendant Peoples Bank of Hamburg, New York.

*Piper, Andrew & Sherwood,* for the defendants Louis H. Draudt and another.

MALONEY, J. Nina S. Draudt and Edward H. Draudt intermarried on the 16th day of December, 1903, and lived together as husband and wife until the 7th day of March, 1931. On or about said 7th day of March, 1931, the said Edward H. Draudt was granted a decree of annulment by this court because of the incurable insanity of his wife, Nina S. Draudt, in accordance with the provisions of subdivision 5 of section 7 of the Domestic Relations Law. The decree of annulment provided, among other things, that the said Edward S. Draudt comply with the provisions of the Domestic Relations Law. In conformity therewith Edward H. Draudt filed a bond in the sum of $5,000 providing that the said Edward H. Draudt should well and truly cause to be paid one dollar a day or such other sum as may be necessary for the suitable care and maintenance of the said Nina S. Draudt during the term of her life, and that such payments would be made to the Gowanda State Hospital or to such other person or persons as may have the legal custody of the said Nina S. Draudt. The defendants Fred J. Draudt and Louis H. Draudt were the sureties thereon. The defendant Edward H. Draudt died on the 31st day of December, 1934. Edward H. Draudt, during his life, paid to the Gowanda State Hospital or to the persons having the legal custody and control of Nina S. Draudt, incompetent, the amounts due under said bond up to and including the 31st day of December, 1934.

The plaintiff brings action to recover from the executor of Edward H. Draudt and the sureties on the bond the sum of $250 for the care and maintenance of the said Nina S. Draudt, incompetent. The bond specifically states that such obligation is for the suitable care and maintenance of the incompetent for and during *the term of her life* to the person or persons having the legal custody of the said incompetent.

The defendants, relying on the case of *Genauer* v. *Genauer* (134 Misc. 594, opinion by TIERNEY, J.), claim that the bond sued upon is not a valid and subsisting obligation against the estate of Edward H. Draudt, deceased, and the sureties thereon, and that the obligation contemplated in said undertaking does not continue during the lifetime of the incompetent.

Prior to the adoption of section 7, subdivision 5, of the Domestic Relations Law, no remedy was provided for either of the parties

to a marriage in the event that the other became incurably insane. The statute now provides a remedy, viz., annulment. In the event of the insanity of the wife, the remedy is conditioned upon the husband providing security to be approved by a judge of the court for the suitable maintenance and care of the wife during life. The statute further provides that the judge shall order the filing and recording of the instrument creating such security in the office of the clerk of the county in which the action for annulment is brought and the filing of a certified copy thereof in the Department of Mental Hygiene at its Albany office.

The courts have held where a voidable marriage is annulled the parties are, in the absence of a statute to the contrary, in the same position as though a marriage had never been entered into. (*Matter of Moncrief*, 235 N. Y. 390.) Section 7 of the Domestic Relations Law provides for annulment of voidable marriages.

Prior to the enactment of the present statute, the Decedent Estate Law made certain provision for the widow in her husband's estate in the event he died intestate and granted her a right of dower in any real property of which the husband died seized. The Decedent Estate Law, as now amended, makes provision for the widow in the event the husband dies intestate.

Section 18, subdivision 3, of the Decedent Estate Law specifically provides that the widow make an election, etc., and further provides that such election if made shall be in lieu of any right of dower.

It is perfectly obvious that the words " for her suitable care and maintenance during life " apply to and mean the life of the wife and that it would be a distortion of the language of the statute to hold that the meaning of said phrase was during the joint lives of the husband and wife. In construing the language of this statute it must be remembered that the remedy afforded to the husband is rather a drastic one when it is considered that a wife who, had she remained sane, had certain statutory rights given her in the event that she survived her husband. The statute, while giving relief to the husband under such unfortunate circumstances, clearly, from the language thereof, did not intend that the security required to be given should continue only during the life of the husband. It would seem under all the circumstances that it was the intention of the statute to provide for the care and maintenance of the wife during her life in lieu of her right to inherit as a surviving spouse, and to hold otherwise, particularly in this case where the language of the bond states " her life," would be a miscarriage of justice.

Defendants' motion denied, without costs.