MYRON D. STEVENS, Committee of the Person and Estate of NINA S. DRAUDT, an Incompetent Person, 98 West Quaker Road, Orchard Park, New York, Respondent, *v.* PEOPLES BANK OF HAMBURG, NEW YORK, Executor, etc., of EDWARD H. DRAUDT, Deceased, Appellant, Impleaded with LOUIS H. DRAUDT and Another, Appellants.*

Fourth Department, January 21, 1936.

*Harold V. Cook,* for the appellant Peoples Bank of Hamburg, New York, as executor, etc.

*R. Foster Piper,* for the appellants Louis H. Draudt and Fred J. Draudt.

*Melvin L. Bong,* for the respondent.

PER CURIAM. The decedent Edward H. Draudt obtained a judgment under subdivision 5 of section 7 of the Domestic Relations Law (as amd. by chap. 537 of the Laws of 1929) declaring void his marriage to Nina S. Draudt. Pursuant to the terms of the statute mentioned, Edward H. Draudt furnished a bond with two sureties conditioned for certain payments for the care and maintenance of

*Aff'g. 157 Misc. 77.

Nina S. Draudt " during the term of her life " and in terms binding not only upon Edward H. Draudt and his sureties but upon " our heirs, executors and administrators." In an action brought after the death of Edward H. Draudt to enforce the bond a motion to dismiss the complaint as insufficient to hold the obligors for the support and maintenance of Nina S. Draudt after the death of her husband has been denied. The judgment referred to did not bring about an " annulment " of the marriage as that word is technically used in our Civil Practice Act. It avoided the marriage as completely as would a judgment of absolute divorce. Section 87 of the Decedent Estate Law provides that, " No distributive share of the estate of a decedent shall be allowed under the provisions of this article, either (a) to a spouse against whom or in whose favor a final decree or judgment of divorce recognized as valid by the law· of this State has been rendered." If it be assumed that this statute covers the status of Nina S. Draudt, it might furnish an added reason why this order should be affirmed, for Nina S. Draudt would thereby be before us with no property rights coming to her as a result of her former position as the wife of Edward. But we are not required to construe this statute for we find in the very language of the bond and of subdivision 5 of section 7 of the Domestic Relations Law our mandate to affirm the order appealed from. The statute says " for her [the former wife's] suitable care and maintenance during life." What other life could be intended than that of the wife? And the bond, reading " during the term of her life," is even more definite, and it formally binds the estates of the obligors.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Order affirmed, with ten dollars costs and disbursements.