HAROLD J. AMBRUSTER, Plaintiff, *v.* CLARA M. AMBRUSTER, Defendant.

Supreme Court, Special Term, Kings County, November 18, 1938.

*Samuel Morganroth,* for the plaintiff.

No appearance for the defendant.

STEINBRINK, J. The action herein was instituted under section 7, subdivision 5, of the Domestic Relations Law for the dissolution of plaintiff's marriage. It appears that the marriage was con- tracted in the State of New Jersey; that on October 25, 1932, the defendant wife was committed to the New Jersey State Hospital for the Insane, where she is now confined; that she is and has been incurably insane for a period of five years last past or more; and that plaintiff is and has been a resident of this State for more than one year.

On plaintiff's application for the appointment of a special guardian to represent the defendant and for the appointment of two phy- sicians to examine her, there is presented a jurisdictional question. Subdivision 5 relates to a marriage subject to dissolution for a cause arising after the marriage. That it is lumped together under section 7 of the Domestic Relations Law with marriages subject to annulment for causes existing at the time of marriage does not mean that it is to be treated as an action to annul a marriage. (*Stevens* v. *Peoples Bank of Hamburg,* 246 App. Div. 481.) Section 1146-a of the Civil Practice Act, which attaches conditions to the maintenance of an action to annul a marriage is, therefore, inappli- cable. While the Legislature has specified the jurisdictional require- ments for actions to dissolve marriages for adultery (Civ. Prac.

Act, § 1147) and for five years' unexplained absence of one of the spouses (Dom. Rel. Law, § 7-a), it has omitted to do so with respect to the instant type of action. Despite that omission, section 7, subdivision 5, presupposes jurisdiction in the courts of this State over the marital *res*. (Cf. *Matter of Niemi*, 223 App. Div. 466, 467; *Dodge* v. *Campbell*, Id. 471; *Berlinsky* v. *Berlinsky*, 204 id. 480.) Plaintiff seems to proceed upon the assumption that his residence in this State for a period of one year or more immediately preceding the commencement of this action satisfies the jurisdictional requirements. The parties hereto were not married in this State (See *Ackerman* v. *Ackerman*, 200 N. Y. 72), nor does it appear that they ever resided in this State as husband and wife. (*McDonald* v. *McDonald*, 265 N. Y. 546.) Nor is there any claim that the defendant has been served with process in this State. (*Berlinsky* v. *Berlinsky*, *supra*.) While, under the circumstances disclosed, the plaintiff could establish a separate domicile in this State, the question is whether by doing so the marital domicile became subject to the jurisdiction of the courts of this State. That result may only be accomplished by virtue of something the non-resident spouse has done — either consent to the acquisition of a separate domicile or misconduct which precludes objection to the acquisition of such separate domicile. (Restatement of the Law of Conflicts of Law, § 113.) Here the incompetent non-resident defendant was mentally incapable of giving the necessary consent and her conduct has been free from blame. There seems no escape from the conclusion that jurisdiction to dissolve the marital *res* affecting the non-resident incompetent is lacking.

This conclusion is fortified by the provision of section 7, subdivision 5, relating to the posting of security for the suitable care and maintenance of the incompetent wife during her life. This provision was obviously inserted for the protection of citizens of this State and to prevent their becoming public charges. It is difficult to believe that extension of this protection to citizens of other States was contemplated. In the absence of an affirmative expression of public policy looking towards the protection of non-resident incompetents, the court will not assume its existence. Application denied.