S. Samuel Di Falco, S.
The committee of an incompetent has moved in the pending accounting proceeding for an order permitting him to file a notice of election to take against the will on behalf of his ward, the decedent’s alleged incompetent surviving spouse. The committee also seeks permission to file objections to the account based upon the inadequacy of the support provisions contained in the decree of annulment dated May 23, 1947 and the decedent’s alleged fraud and improper conduct in not applying for a modification of the support provisions of the annulment decree while acting as her committee.
In 1942 the committee’s ward was adjudicated an incompetent and institutionalized. At that time she was married to the decedent who was appointed her committee. Early in 1947 the decedent commenced an action for and obtained a decree annulling his marriage to the incompetent on the ground that she had been incurably insane for a period of five years (Domestic Relations Law, § 7, subd. 5). Subsequently the decedent remarried and at the time of his death left him surviving his present widow, one Reah Lichtenstein.
In accordance with the provisions of section 141 of the Domestic Relations Law (formerly subdivision 5-a of section 7 of the Domestic Relations Law) the decree provided for a security deposit and for payments of $15 per month for the maintenance of the incompetent at Central Islip State Hospital.
There is no merit to the committee’s allegation that the incompetent is the decedent’s surviving spouse and as such is entitled to file an election to take against his will pursuant to the provisions of section 18 of the Decedent Estate Law. The existence and validity of the annulment decree has not been attacked and the interlocutory judgment of annulment dated May 23, 1947 which became final, as of course, three months after the filing and entry thereof completely severed the marriage tie. From that date henceforth the decedent and the incompetent were no longer husband and wife and neither was *917 the spouse of the other within the meaning and purview of section 18 of the Decedent Estate Law. The right of election is not available to a spouse against whom or in whose favor a valid decree of divorce has been rendered (Decedent Estate Law, § 18, subd. 3). This is so because the marriage has been dissolved and in the opinion of this court an annulment just as effectively dissolves a marriage as a divorce decree. The failure of the Legislature to mention an annulment when it enacted subdivision 3 of section 18 of the Decedent Estate Law is quite understandable because an annulment, unlike a divorce decree, makes a nullity of the marriage and from the date of its effectiveness the marriage is to be treated as though it never existed. The provisions of section 141 of the Domestic Relations Law which impose continuing support obligations upon a surviving spouse who has obtained a divorce on the ground of five years incurable insanity were enacted as a matter of public policy to prevent the incompetent spouse from becoming a public charge. These statutory provisions for support do not, however, in any way re-establish the marriage or make the incompetent the spouse of the decedent whose marriage to her was annulled. That part of this application which seeks leave to file a notice of election is therefore denied.
The permission sought by the committee to file a claim based upon the inadequacy of the support provisions contained in the judgment of annulment and the decedent’s alleged fraud in not applying for a modification of the support provisions of the annulment decree while acting as her committee must also be denied. So long as that decree is in effect this court is powerless to make any determination as to the adequacy of the support provisions contained therein. Any application to modify its terms must be made in the court that rendered the decree. Similarly all questions relating to the propriety of the decedent’s acts while serving as committee must be raised in the forum in which he was appointed. This court lacks jurisdiction to modify the decree or to pass upon any claims arising thereunder except a claim for moneys due and unpaid pursuant to the provisions thereof.
The committee, however, does have a claim against the decedent’s estate which may be asserted. That claim is for the support and maintenance of the incompetent since the date of the decedent’s death. This court has been specifically vested with the jurisdiction to evaluate and adjudicate such a claim. Section 141 of the Domestic Relations Law contains the following pertinent provision (subd. 1): “ and in proper case the value of the suitable support, care and maintenance to the wife during *918 the balance of her life based upon appropriate mortality tables may be adjudged and determined by the court in which the estate of the husband is being administered and the same may be recovered on behalf of the wife from the estate of the husband.” The continuing obligation of the husband’s estate for the support and maintenance of an incompetent former spouse whose marriage to him has been annulled is well established (Matter of Wampfler, 204 Misc. 365; Springett v. Springett, 41 Misc 2d 1056; Stevens v. Peoples Bank of Hamburg, 157 Misc. 77, affd. 246 App. Div. 481). The committee is therefore authorized to file objections to the account based upon the executor’s failure to take cognizance of the incompetent’s claim for maintenance and support from the date of the decedent’s death for and during the probable balance of her natural life.