In the Matter of the Estate of ELIZABETH SURBECK, Deceased.

Surrogate's Court, Oneida County, May 17, 1944.

636

*W. S. Shankenbery* for trustee.

*Leon J. Marketos,* special guardian of incompetent.

*Nathaniel L. Goldstein, Attorney-General (E. David Wiley* of counsel), for Department of Mental Hygiene.

RINGROSE, S. Elizabeth Surbeck died on June 21, 1930, leaving a will executed on August 17, 1925, which was admitted to probate by this court on July 30, 1930. Harry A. Bahr, one of the designated executors and trustees, qualified and received letters testamentary.

Subject to the payment of debts, funeral expenses, and legacies of $500 to each of two grandchildren, the testatrix devised and bequeathed the balance of her estate in trust and directed the trustees, " * * * to use the income from said property and so much of the income therefrom as in their judgment shall be necessary, and in the event the income is not sufficient then to use the principal or so much thereof as may be necessary for the proper maintenance of my said son, Charles H. Surbeck during his natural life ''.

Charles H. Surbeck now is and was at the time of the execution of the will an incompetent. He is an inmate of the Utica State Hospital at Utica, New York.

Harry A. Bahr received, as trustee, the sum of $3,547.51, pursuant to a decree entered on April 28, 1931, settling his final account as executor.

Harry A. Bahr died on November 16, 1936, and Clara L. Bahr, the other designated executor and trustee, thereupon petitioned for leave to withdraw her renunciation and qualify as trustee. This was granted and letters of trusteeship were issued to her on July 31, 1937.

Neither Harry A. Bahr, prior to his decease, nor Clara L. Bahr, since her appointment, ever filed an intermediate account as trustee, except the one filed in this proceeding, pursuant to the direction of the court. This account shows a balance on hand as of July 29, 1943, in the amount of $3,712.72, and interest accrued thereon since July 1, 1943. This proceeding was instituted by the Treasurer of the New York State Department of Mental Hygiene and Utica State Hospital, under section 24-a of the Mental Hygiene Law, to compel the trustee to apply the corpus of the trust and accrued income on the claim of the

Utica State Hospital for the maintenance and care of the incompetent beneficiary. The claim amounts to the sum of $7,355.78.

It is an elementary rule of law that a person may will his property as he chooses, subject to certain limitations imposed by law. (*Matter of Watson*, 262 N. Y. 284, 294; *Matter of Lyons*, 271 N. Y. 204, 209.) It is also a well-recognized rule that the court may not interfere with the discretionary power vested in a trustee, unless exercised capriciously. (*Matter of Connolly*, 71 Misc. 388, 389; *New York Trust Co.* v. *Black*, 178 App. Div. 4, affd. 223 N. Y. 703; *Matter of Smidt*, 135 Misc. 578.)

The provisions of the instant will are not ambiguous. The intent of the testatrix is clear and her purpose unequivocal. The beneficiary of the trust is entitled to be maintained out of the income, if adequate, and if not, out of the corpus, even to the extent of consuming the entire corpus of the trust. The term " maintenance " has been defined as a word of general welfare and comprehends food, clothing, and medical care. (*Matter of Gabler*, 140 Misc. 581, 586; *Matter of Wells*, 165 Misc. 385, 388.)

The measure of a trustee's responsibility in trusts of this nature is defined in subdivision 2 of section 24-a of the Mental Hygiene Law as follows: " § 24-a. *Liability of relatives for the cost of care and treatment.* * * * 2. The committee, guardian, or trustee of a trust fund established for the support of a patient or inmate, and the husband, wife, father, mother and children of a patient or inmate shall, if of sufficient ability, be jointly and severally liable and responsible for the cost of care and treatment of such patient or inmate."

Although the question has not been raised, it is within the jurisdiction of the Surrogate's Court to award the relief sought. (Surrogate's Ct. Act, § 40; *Matter of Raymond* v. *Davis*, 248 N. Y. 67, 71, 72; *Matter of Cooke*, 181 Misc. 748.)

Since the amount of the claim is not disputed, the corpus of the trust and accrued income, subject to the payment of trustee's commissions and the expenses of this proceeding, shall be applied in reduction of the claim of the Utica State Hospital.

It is recommended that a reasonable sum be set apart to provide a proper burial for the *cestui qui trust* in the family cemetery plot.

Decreed accordingly.