John D. Bennett, S.
This is a proceeding under section 24 of the Mental Hygiene Law to direct the trustee of a testamentary trust to invade the corpus of the trust to the extent neces *212 sary to pay present and future hospital bills of Pilgrim State Hospital, incurred by the incompetent beneficiary. Section 24 of the Mental Hygiene Law provides: “ 2. The committee, guardian, or trustee of a trust fund established for the support of a patient shall be jointly and severally liable and responsible for payments for care, treatment and maintenance * * *. 3. If payment to the state for such care, maintenance or treatment of a patient in an institution or in family care be refused, the commissioner may report such refusal to the department of law for suit to recover the amounts due; * * *. 4. The commissioner, through the department of law, may bring action against a person discovered to have real or personal property or against the estate or the executors, administrators and successors in interest of a person who dies leaving real or personal property, if such person, or any one for whose support he is or was liable, received care, maintenance or treatment in an institution in the department, or in family care, and shall be entitled to recover up to the value of such property the charge for such care, maintenance or treatment.”
The trust specifically gives the trustee power to apply the principal for the support and maintenance of the cestui que trust. It provides: “ first : If my son, robert andre rueff shall survive me, I give and bequeath to my trustee hereinafter named, One thousand (1,000) shares of common stock of National Distillers Products Corporation, in trust nevertheless, to apply the net income and so much of the principal of said trust fund as in the opinion of my said Trustee may be necessary, for the support and maintenance of my said son during the balance of his lifetime and upon the death of my said son to pay the then principal of said trust fund to the new tore association for the blind.”
The trustee makes no concrete objection to the application but seeks direction from this court (cf. Matter of Kohler, 200 Misc. 506; Matter of Saunders, 201 Misc. 734).
On the facts here presented, the court may order payment of the pending bill out of principal (Matter of Surbeck, 185 Misc. 635). Future payments may also be directed (Matter of Cooke, 181 Misc. 748, 752). The petition is granted.
Decree signed.