S. Samuel Di Falco, S.
Supplementing my prior decision (N. Y. L. J., April 11, 1958, p. 6, col. 4) a question heretofore submitted but not passed upon by the court will be determined herein.
It appears that the testator’s former wife, an incompetent, has been since 1946 and still is a patient at Creedmoor State Hospital. Under a decree of annulment against her procured by the testator pursuant to subdivision 5 of section 7 of the Domestic Relations Law, the testator became obligated to pay to the Department of Mental Hygiene of the State of New York certain monthly sums for her maintenance and care during her lifetime. At the date of his death this obligation, it is claimed constituted a continued charge during her lifetime, payable out of the assets of testator’s estate and amounted at the testator’s death to a sum not less than $14,024.53, computed on actuarial basis in accordance with the table specified in article 80-A of the Civil Practice Act on the basis of a present $98 monthly charge of the Department of Mental Hygiene, the incompetent being then 54 years of age.
In a codicil to his will the testator created a trust of $25,000 for the incompetent for life, with a minimum annual income to be applied for her benefits of $1,500 and with any deficiency of such amount in any one year to be made up out of the principal of the trust.
The widow of the testator contends that this provision of the will was intended to satisfy the claim of the State hospital for the cost of the past and future support and care of the incompetent life beneficiary and was intended to be in substitution of any obligation of the estate to the Department of Mental Hygiene for the cost of such support and maintenance. She also urges that the State should elect between such provision in the will and the amount of $14,024.53, the commuted value of its claim as a creditor against the estate for future charges. On behalf of the State, it is contended that the provision for the incompetent in the will is in addition to its claim as a creditor against the estate. There can be no question of election here, as urged by the widow, because the parties stand in different capacities, the State being a creditor and the incompetent a beneficiary under a will. The trust must stand (Matter of Wentworth, 230 N. Y. 176).
*84 Section 39 of the Mental Hygiene Law authorizes the institution of an action or a proceeding by the director of any State institution in the Department of Mental Hygiene for the recovery of the use thereof of the “ amount charged and due for the support of any patient therein, * * *. In all claims of the state upon relatives liable for the support of a patient, or moneys or property held by such patient, the state shall be deemed a preferred creditor.” It is obvious that the purpose of the testator in creating the trust was to provide a fund out of which the State may be paid the cost of the care of the incompetent. It is not a question as to whether the trust was created as a substitute for the obligation of the testator or of his estate to the State. The testator’s purpose was to give her a sufficient amount for her care for the rest of her life and to meet whatever obligation was incurred for such care as a patient in the State institution. Under section 39 of the Mental Hygiene Law the State is a preferred creditor ‘ ‘ upon the moneys or property of a patient”. (Matter of Reese, 275 App. Div. 37; Matter of Cooke, 181 Misc. 748, 751; Matter of Rueff, 3 Misc 2d 211.) The cost of her care in the State institution appears to be slightly less than the amount provided for her under the trust in the will. Since the incompetent, as a beneficiary, now has ample property of her own which can be used towards the cost of her care and maintenance in the institution, there is no need to resort to other funds in the hands of the executors for that purpose.
The estate of the testator is liable for all sums due the Department of Mental Hygiene to the date of his death. All future costs for the care of the incompetent must be paid out of the income, or if needed, out of the principal of the trust for her benefit. Since the State is interested in the preservation of the trust, it may exercise appropriate supervision over it for that purpose.
Proceed accordingly.