Edward S. Silver, S.
During the pendency of the executorial accounting, the testator’s sister died on September 9, 1965. She had been since 1951 a patient in a public mental institution and there died. By a decision of this court dated December 4, 1964, and a decree thereon dated January 22, 1965, it wag held that a trust in the sum of $15,000 was required to be established for the benefit of the sister under the provisions of paragraph Seventh of testator’s will.- Thereunder the trustee was directed to “use the income for the benefit of my sister in any way within my Trustee’s complete discretion.”
The New York State Department of Mental Hygiene billed the trustee the sum of $3,432 for the care of the testator’s sister from the date of testator’s death on July 8, 1962 to her death. In the executor’s affidavit of December 23, 1965, amending his supplemental account, he proposes to pay to the Department of Mental Hygiene the sum of $2,699.23, the income earned on the trusts under paragraphs Fifth and Seventh of the will, in fnll payment of their claim. The Attorney-General of the State of New York objects to the acceptance of said sum as it is $732.77 less than the amount claimed by the Department of Mental Hygiene. He contends that the trustee, who is also the executor, should affirmatively exercise his discretion to invade the corpus to the extent of said stun to pay for the care and maintenance of the cestui. This the trustee refuses to do.
In the court’s decision of December 4, 1964 the opinion was expressed that the testator evinced throughout his will a solicitude for his sister, which could not be gainsaid. The testator undoubtedly required his trustee to do everything possible to the end that his sister should enjoy the greatest amount- of freedom and liberty commensurate with her physical and emotional condition. The trust under paragraph Seventh (a) was directed to be created only if his sister “ resides at a public hospital * * * or other institution” at testator’s death. Thereunder the trustee was given power to invade the principal for the use and benefit of testator’s sister, which provision was intended primarily to be exercised in the event of “ serious illness, misfortune or other emergency or unusual condition affecting my said sister
The trustee contends that as the trust in question was only to come into existence if testator’s sister was not legally competent and resided in a public institution at testator’s death, the testator could not have intended that the hospitalization, which was a condition precedent to the creation of the trust, itself be the serious illness or unusual condition for which the power of invasion was intended. The testator, however, stated *1027 that the provision for principal invasion was intended primarily for serious illness, etc. Testator did not, however, exclude the principal from being used for other purposes, to wit, the proper support, maintenance and shelter of the beneficiary, without which her existence would be short-lived. The testator impliedly authorized principal invasion, if trust income was inadequate for such purposes. The court accordingly holds that under the circumstances herein invasion of the corpus is proper (see Real Property Law, § 103-a, and Personal Property Law, § 15-a, both eff. June 1, 1966).
As was pointed out in Matter of Gruber (122 N. Y. S. 2d 654, 657), the Commissioner of Mental Hygiene could have declined to permit the testator’s sister to remain in the institution unless the trustee paid a reasonable amount toward her support, and, upon failure to do so, it then would have been the trustee’s responsibility to support her. The fact that the Commissioner failed to pursue such a calloused course of conduct will not now deprive him of that to which is a proper charge for the support and maintenance of the beneficiary. There is no allegation that the charge is excessive, and the refusal of the trustee to affirmatively exercise his power of invasion of the corpus is an abuse of discretion. Hence, the court directs the trustee to invade the corpus of the trust to pay the balance of the hospital’s charge (Matter of Rueff, 3 Misc 2d 211; Matter of Bins, 48 Misc 2d 921; Matter of Van Gaalen, 38 Misc 2d 853).