John J. McCall, S.
As an incident to their final accounting as executors, the petitioners here, also named in the will of Charles Crow, the decedent herein, as trustees of a certain trust established for the benefit of Kathleen M. Crow, ask for the following relief: ‘ ‘ That the court construe the provisions of paragraph second of the decedent’s will to determine whether or not the trustees in their discretion may use any part of the principal of said trust fund to reimburse the County of Albany for sums expended by it for medical' assistance granted to said Kathleen M. Crow and for expenses to be incurred in the future for hospital and institutional care of said Kathleen M. Crow.”
The pertinent paragraph of the will reads as follows:
“ second : All the rest, residue and remainder of my property of whatsoever kind or nature, real, personal and mixed, and wheresoever the .same may be situated, and whether acquired before or after the execution of this Last Will and Testament, of which I may die seized or possessed, or to which I may in any *399 way be entitled at the time of my death, I give, devise and bequeath as follows:
“ (a) If my mother, Kathleen M. Crow, shall survive me, I give, devise and bequeath my entire residuary estate as aforesaid unto my trustees hereinafter named in trust, nevertheless, for the following uses and purposes:
“ (b) To take possession of, hold, manage, invest and re-invest the same, and to collect and receive the income and rents thereof, and after paying or deducting all lawful debts and expenses pertaining thereto, to pay over to, or apply to the use of, my mother, Kathleen M. Crow, the balance of said income in as many nearly equal installments as my trustees shall deem practical, and for the best interest of my mother.
“(c) I authorize and empower my said trustees in the exercise of their sound judgment and sole discretion to use or apply any part of the principal of said trust fund, in addition to the income therefrom, as may appear to my trustees to be necessary and for the welfare and best interest of my mother, Kathleen M. Crow. Upon the death of my mother this trust shall terminate, and my trustees shall pay the then balance of principal of this trust fund, together with any accrued income to my three sisters, Kathleen Coogan, Adna Damico and Grace Davenport, to be theirs, share and share alike.
“ (d) In the event one or more of my three sisters shall predecease me or my mother, her or their share shall go to my surviving sister or sisters.”
As this court said in Matter of Bins (48 Misc 2d 921), a case involving the use or nonuse of a trustee’s discretion to invade the principal, the guiding star of interpretation in situations of the instant character is the intent of the testator as manifested in the terms of the will. Long and impressive is the list of authorities that could be cited to support this proposition of law but a recitation of them is most unnecessary. What did Charles Crow want his trustees to do with the income and principal of this trust and how and when did he want them to do it? The answer to that question is the proper construction of the instrument.
Examining subparagraph (c) of the will we find that “ as may appear * * * to be necessary and for the welfare and best interest of my mother ”, triggers the discretion of the trustees and the next step would be the expenditure of the principal for the necessity, the welfare and best interests of the beneficiary. Many of the cases wherein the court has ordered payment from principal under circumstances here present have had language more specific (Matter of Bins, supra — detailed medical assist *400 anee outlined; Matter of Schram, 49 Misc 2d 1025, “ serious illness and sickness; ” Matter of Rueff, 3 Misc 2d 211 “ support and maintenance,”); yet the absence of specific language here does not necessarily dictate a different result. It is conceded here that the beneficiary was nearly 80, and completely dependent upon the testator for support at the time the will was framed. It could be contended here that Charles Crow said in his will ‘ ‘ take care of my mother, feed her, clothe her, shelter her, care for her when sick, ’ ’ and such an intention defies attack as being unreasonable. If the foregoing are not elements of welfare and best interests, what are? The testator did not spell it out but he did not have to. His message comes clear with the generalization. There is no dispute here that Kathleen Crow is without means of her own and that she needs and has been receiving at the hands of others the necessities of her state and condition of life.
Testator here empowered trustees “in the exercise of their sound judgment and sole discretion to use or apply any part of the principal * * * in addition to the income therefrom ’ ’. (Italics supplied.) It has long been held that the' discretion of the type herein mentioned is not an unfettered one. In Matter of Van Zandt (231 App. Div. 381) the executors were authorized in the event that income was insufficient for a widow’s care, support and maintenance to expend so much of the corpus for that purpose as was necessary. The court stated the following (p. 384):
“It is true that the instrument authorizes, and does not, in so many words, direct the executors to use the corpus of the estate for the care, maintenance and support of Mrs. YanZandt. Neither is the amount to be thus expended fixed. It is left to the discretion of the executors. That is not an arbitrary discretion, however. The executors, one of whom would benefit by preserving the corpus of the estate intact, cannot shut their eyes to Mrs. YanZandt’s needs, and neglect to act, or refuse to approve proper and necessary payments which come clearly within the contemplation of the bequest. The testator’s intent to devote his entire estate, if need be, to the .support of his wife must not be lost .sight of. She had a vested right in the provision made for her benefit; the executors were mere donees of a power.”
‘ ‘ Where a trustee has been given freedom to act according to his own judment in matters pertaining to another, and he fails, in the opinion of the court, to exercise such discretion in a proper manner, he may be compelled to do that which the trust fairly requires him to do. (Forman v. Whitney, 2 Abb. Ct. App. Dec. *401 163; Collister v. Fassitt, 163 N. Y. 281; Hancox v. Wall, 28 Hun, 214; Manning v. Sheehan, 75 Misc. 374, 377.) ”
It is conceded here that Kathleen Crow is now chronically ill, confined to her bed in an institution furnishing medical care and support, is over 80 years of age and has no means at all. Failure to invade the principal of the trust here would be- a breach of fiduciary duty. For the trustees to assert here that there is authority to withhold benefits is for them to assert that they have discretion even to the extent of thwarting the intention of the testator and defeating the purpose of the trust. Eight reasoning and sheer justice constrain the trustees here to invade to meet the beneficiary’s unquestioned needs. The question here is further explored with the same result in Matter of Van Gaalen (38 Misc 2d 853). In that case the direction was (p. 854) “ to pay to or apply * * * all or so much of the principal * * * as my Executor, in his sole discretion may determine, for the proper support, maintenance, health and welfare of the said Lorenzo Belasco ”. The court held the language was a mandate. In that case the beneficiary, like the present one, was unable to work, and had no income or property save that in the hands of the trustee.
Finally, for this court to hold that the trustees could withhold here in their discretion would be to say that the testator intended his mother to become a public charge. It is not proper to say that the deceased wanted the benevolence of the State to be used as the instrument for the preservation of a present or remainder interest in a trust.
The guardian ad litem raises the issues (a) that the deceased would not be presently liable for his mother’s support, if living; (b) that the assets of the deceased cannot be then used to pay the obligations of another. In the absence of clear language contrary to the will, the court must say that the gift to the mother arose, not out of duty but out of charity — charity in its true and first connotation, love. These assets are now those of Kathleen Crow, with the legal title thereto in the trustees and there is no remaining interest of Charles Crow in them to prohibit their use as sought.
There is in this case a feature not present in any of those cited by any of the parties or read by the court in its own research on the problem. Medicaid, the popular name for the expanded medical assistance program for citizens of the State of New York, became effective April 30, 1966. Under the statute, public assistance for medical care was to be provided, not only for those traditionally needy receiving welfare payments but for those who have sufficient means of support, yet do *402 not have part or all of the necessary funds to provide required medical care. In brief, there is a new group with us, known as “ the medically indigent.” The trustees claim that Kathleen Crow is “medically indigent,” that the trust assets are not to be considered in determining her eligibility for medical assistance and that the withholding of funds would not be an abuse of discretion.
Section 366 of the Social Services Law confers on the Board of Social Welfare the right and duty to establish criteria for the determination of eligibility for medical assistance. Subdivision (b) of section 85.4 of its rules reads: “ Applicants or recipients in receipt of chronic care. (1) If an applicant or recipient is receiving chronic care in a medical institution all resources in excess of those exempt from consideration in accordance with section 85.3 shall be utilized to meet the cost of medical assistance for such applicant or recipient and the other members of his former family household.” (18 NYCRR 85.4 [b].) Section 85.3 (subd. [a], par. [4]) reads as exempting “in the case of a person with no dependents who is receiving chronic care in a medical institution, savings to the extent of $1,150 ’ \ (18 NYCRR 85.3 [a] [4].) Section 85.1 defines “ resources ” as “ all kinds of property, including real, personal, tangible and intangible.” The principal of this trust fund in which Kathleen Crow, has a beneficial interest, which can be reached if the trustees perform their duty is a “ resource,” to the extent of the value of the corpus, to wit, about $17,000. Kathleen Crow has no dependents, she is receiving chronic care in a medical institution, and she has resources well in éxcess of $1,150. She is not ‘ ‘ medically indigent ’ ’ under applicable criteria for assistance and the trustees are precluded from advancing the contention that she is in order to validate the exercise of their discretion to withhold payments from the corpus.
The demand of the Albany County Public Welfare Department for $3,208.10 for medical assistance to Kathleen Crow from July 1, 1966 to July 31, 1967, should be paid forthwith by the trustees with the exception that there be deleted from said sum an-amount for services rendered prior to July 7, 1966, Charles Crow having died July 6,1966. In the interest of good order, the account should be brought up to date so that reimbursement may be made to the county for services rendered to the date of the decree and likewise facts should be presented to the court to enable it to provide for future payments if the situation remains the same.