John D. Bennett, S.
This is a proceeding by the surviving spouse as income beneficiary of the trust under paragraph (A) of article “ seventh ” for an allowance from principal on the grounds that her support is not sufficiently provided for pursuant to EPTL 7-1.6. Since, pursuant to New York law, under which express trusts to receive the income from property and apply it to the use of or pay it to any person are automatically spendthrift, and, therefore, indestructible (EPTL 7-1.5; Matter of Caswell, 185 Misc. 599, affd. 269 App. Div. 809), this application for an invasion of principal, not authorized by the will, could in no event succeed except for the enactment of section 15-a of the Personal Property Law (eff. June 1, 1966) now EPTL 7-1.6. That section divides applications such as these into those relating to express trusts created prior to the enactment of the law (§ 7-1.6, subd. [a]) and those relating to trusts created subsequent to the enactment of the law (§ 7-1.6, subd. [b]). Since the decedent’s death occurred prior to the enactment of the section, this application must proceed under the first subdivision. It is there provided that the court 1 ‘ may in its discretion make an allowance from principal to any income beneficiary whose support or education is not sufficiently provided for, to the exent that such beneficiary is indefensibly entitled to the principal of the trust or any part thereof or, in case the income beneficiary is not entitled to the principal of the trust or any part thereof, to the extent that all persons beneficially interested in the trust are adult and competent and consent thereto in writing ”.
Pursuant to the terms of the trust here in question, the widow is given a power to appoint the remaining principal by will and in default thereof “ then to my issue (lineal descendants) then living, equally, per stirpes.” The terms of the trust do not vest the widow with any interest in the principal or any part thereof. The power to appoint, which she has, merely works a defeasance of an interest which would otherwise vest (Schoellkopf v. Marine Trust Co., 242 App. Div. 11, affd. 267 N. Y. 358). The remainder which is to take effect upon default in the exercise of the power *326 of appointment is not prevented from vesting because of the power but takes effect subject to being divested by its exercise (EPTL 6-5.2; Matter of Haggerty, 128 App. Div. 479, affd. 194 N. Y. 550; Matter of Langenieux, N. Y. L. J., Oct. 17, 1967, p. 23, col. 2 [Jaeger, S.]). Accordingly, the only remaining base upon which this application may be predicated is “to the extent that all persons beneficially interested in the trust are adult and competent and consent thereto in writing. ’ ’ Two adult children of the testator have consented to this application. However, the supplemental petition reveals the existence of minor grandchildren.
While conceding that the minor grandchildren are contingent remaindermen of the trust, the petitioner argues that, because of the doctrine of virtual representation embodied in SOPA 315, their consents to this application are unnecessary. The petitioner, however, labors under a mistaken apprehension of the purpose for virtual representation. The effect of the section is merely to obviate the necessity of making parties to the proceeding persons who are considered “ virtually ” represented by others. (See McKinney’s Cons. Laws of N. Y., Book 58A, Practice Commentary to SCPA 315.) It does not obviate the requirement of EPTL 7-1.6 that all persons “ beneficially interested ” in the trust must be adults and consent to the application in writing. There is no question whatsoever that the minor grandchildren are “ beneficially interested ” in the trust (Schoellkopf v. Marine Trust Co., 267 N. Y. 358, supra). In the last cited case, the Court of Appeals stated p. 362): “The words 1 persons beneficially interested in a trust in personal property ’ as used in section 23 of the Personal Property Law, are broad. There is no express restriction upon the nature of the ‘ beneficial interest ’ and the courts may not by implication read such restriction into the statute. Any person who under the terms of the instrument has a right, whether present or future, whether vested or contingent, to income or principal of the trust fund, has a beneficial interest in the trust. Here there is no room for ancient technical distinctions which enter into the creation or classification of estates. The test is one of substance, not of form. Any right given by the trust instrument to receive a benefit from the trust in some contingency is a 1 beneficial interest ’ in the trust.” (See, also, Matter of Dodge, 25 N Y 2d 273.)
In a brief submitted, the petitioner states that the court in Matter of Minsky (N. Y. L. J., Feb. 18, 1969, p. 19, col. 4) permitted consenting adult children to represent all remainder interests in an application such as this under EPTL 7-l.fi. The court has read the decision referred to but finds no mention of *327 these facts in the opinion as reported in the New York Law Journal.
Since there are persons beneficially interested in the trust who are not adults and, therefore, not competent to consent to the requested invasion, the application is denied and the proceeding dismissed.