Thomas E. Hadaway, S.
In this proceeding for the settlement of the account of the executrix of the estate of Helene Maria Kerber, the executrix has asked the court to construe paragraph “ third ” of the decedent’s will so as to permit an invasion of the trust therein set forth for the benefit of her son, and to provide him with special education and psychological help at this time.
Paragraph “ third ” of the decedent’s will reads as follows:
1 ‘ third : All the rest, residue and remainder of my property, both real and personal, and wheresoever situate, I give, devise and bequeath unto my granddaughter, viola kerber de pass, of 2675 Eussmar Drive, San Diego, California, in trust, for the purpose of investing the same and accumulating the interest thereon until such time as my great grandson, harry eberhardt de pass, shall enter college and then to use the interest and principal therefrom for the purpose of acquiring an education for my grandson and, upon his graduation from college, to pay any balance therefrom to him. In the event that my grandson shall not go to college or shall leave college, my said trustee shall pay the income from said fund to my said grandson after he shall attain the age of 18 years and shall pay over the principal therefrom upon his attaining the age of 21 years. In the event that he should predecease me, I then give, devise and bequeath *490 all the rest, residue and remainder of my property to the society FOB CBIPPBED OHIHDREH OF THE STATE OF HEW YORK.”
No provision is made in that paragraph of the will, nor in any other part of the will, for the disposition of the remainder of the trust, should the infant beneficiary die before attaining the age of 21 years, and should that happen, then the remainder, in the court’s opinion, would pass, as in the case of intestacy, to the petitioner in this proceeding, who is the infant beneficiary’s mother, and according to the petition for probate, is the sole distributee of the decedent.
The infant beneficiary having survived the decedent, the Society for Crippled Children of the State of New York would appear to have no interest in the remainder of the trust.
EPTL 7-1.6 contains certain provisions permitting the application of the principal of a trust for the support or education of an income beneficiary. Subdivision (a) of that section applies to trusts created prior to the enactment thereof, and subdivision (b) applies to trusts created after the enactment thereof.
Section 7-1.6 was derived from section 15-a of the Personal Property Law, which was added thereto by chapter 699 of the Laws of 1965, and which took effect on June 1, 1966, one day after the date of the decedent’s will.
Unless a contrary intent is expressed therein, a will speaks as of the date of the testator’s death (Wetmore v. Parker, 52 N. Y. 450).
The court is, therefore, of the opinion that the trust in question is governed by EPTL 7-1.6 (subd. [b]), the decedent having died on March 4,1971.
Dr. A. M. Chutorian, a physician connected with the Neurological Institute in New York City, who has examined the beneficiary, has expressed an opinion that because of a neurological disability, he is uncertain that the infant beneficiary would be able to attend college. He is more certain in his opinion that, unless the infant beneficiary receives special schooling and treatment at this time, the probability of his attending college is nonexistent.
The coRrt is, therefore, of the opinion and satisfied that the original purpose of the creator of the trust under consideration cannot be carried out, and that, insofar as the parents of the infant beneficiary of said trust are unable to provide for the same, or assistance from public or private agencies is not available, the principal of said trust, or such part thereof as may be necessary for such purpose, may be used by the trustee to *491 provide special education and psychological treatment of the infant beneficiary of said trust during his minority.
The infant’s mother, who, in the opinion of the court, would be entitled to the remainder of said trust, should said infant die before attaining the age of 21 years, has in effect consented to the application of the principal of said trust for such purposes by the request contained in Schedule J of her account as executrix.
Submit decree settling account of the executrix and construing paragraph “ third ” of decedent’s will, in accordance with this decision, on notice to the guardian ad litem.