Michael A. Telesca, J.
This proceeding was commenced by petitioner Ruth A. Popp by petition praying for a decree determining the construction .and effect of the trust contained in the last will and testament of Beatrice C. Cooper, deceased.
Decedent died on July 31, 1972, leaving a last will and testament dated April 5, 1972 which was duly admitted to probate by the Surrogate’s Court of the County of Monroe on September 28, 1972. Letters testamentary and letters of trusteeship were duly issued to Thomas A. McDermott on September 28, 1972, and McDermott has been and is now acting as executor of the estate and as trustee.
Paragraph second of the last will and testament provides as follows: “second: All the rest, residue and remainder of my property of whatsoever name, nature or description and wheresoever the .same may be situate at the time of my death, whether real or personal property, I give, devise and bequeath to Thomas A. McDermott, in trust, to invest and reinvest the same and collect the income therefrom, and if my sister Ruth A. Popp, shall survive me, I direct my trustee to pay to my sister ■at least semi-annually during her lifetime or apply to her use and benefit so much of the net income therefrom, and in addition, thereto, so much of the principal thereof as my .trustee, in his absolute discretion, shall deem necessary or advisable, after considering all other resources which my sister shall have, for her support, maintenance, comfort and welfare.” The remain *167 der of the corpus of the trust is to he divided equally between Evelyn Dunlap and Lorraine Seidel, upon the death of the petitioner. Neither of the residuary legatees is related to decedent.
Petitioner is the sister of the decedent, and is domiciled at the Hill Haven Nursing Home, Webster, New York. Petitioner is 75 years old and in poor health. Her sole income is a monthly pension check in the amount of $36.90 and a monthly Social Security check in the .amount of $166.30. From this amount, petitioner retained the sum of $24.50 monthly and paid the balance to the nursing home in part payment for her care. The balance of the amount due to the nursing home was paid by the Monroe County Department of Social Services under the Medicaid program.
Petitioner received a notice of discontinuance of medical assistance as of July 9, 1973, from the Monroe County Department of Social Services. The basis for the discontinuance was that “ Mrs. Popp has a trust fund amounting to approximately $20,000.00, which is an available asset to be used for medical care”. As of July 30, 1973, the amount due to the nursing home by reason of the discontinuance of assistance was $1,082.24.
Petitioner’s attorney advised the trustee, of the financial situation of petitioner, but the trustee has refused to make any payments from the trust for petitioner’s care without the authorization of this court.
It is the position of the petitioner in this proceeding that the trustee is obligated, under the terms of the trust created by the will of the decedent, to pay from the income and from the corpus of the trust such sums as are necessary to pay for the support, maintenance, comfort and welfare of the petitioner. The executor and trustee and the remaindermen, however, contend that the corpus of the trust may not be invaded and that, therefore, the Monroe County Department of Social Services must reinstate Medicaid assistance. The County of Monroe, having appeared before this court, contends that it properly discontinued public assistance.
The first question presented is whether the decedent intended that the corpus of the trust be invaded for the purpose of providing support and maintenance for the care of petitioner in the nursing home. This court must answer this question in the affirmative.
The prime consideration in all will construction proceedings is the intention of the testator as expressed in the will, and all *168 rules of construction are subordinated to that purpose. (Matter of Dammann, 12 N Y 2d 500; Matter of Larkin, 9 NY 2d 88; Matter of Debout, 35 A D 2d 1067.) The intent of the testator £ ‘ must be gleaned not from a single word or phrase but from a sympathetic reading of the will as an entirety and in view of all the facts and circumstances under which the provisions of the will were framed ”. (Matter of Fabbri, 2 N Y 2d 236, 240.) Thus, it is paramount in cases involving the use or nonuse of a trustee’s discretion to invade corpus .that the courts determine the intent of the testator as manifested in the terms of the will. (Matter of Bins, 48 Misc 2d 921.)
The testator here empowered the trustee ‘ ‘ to pay to my sister * * * so much of .the principal thereof as my trustee, in his absolute discretion, .shall deem necessary or advisable, after considering all other resources which my sister shall have, for her support, maintenance, comfort and welfare ”. It has long been held ££ that discretion given is rarely an unfettered one and must be exercised in such reasonable manner as to accomplish and not thwart the very purpose of the trust ”. (Matter of Bins, supra, p. 923.) (See, also, Matter of VanZandt, 231 App. Div. 381.) Contrary to the contention of the executor and trustee that the intent of the testator was to benefit the unrelated residuary legatees, the language of the will indicates a design on her part to devote her estate to the support of her sister. She made it evident that she regarded her sister as the first object ¡of her bounty, and made it clear that, if the income from the corpus was insufficient for her sister’s care, the corpus was available for that purpose.
It is undisputed here that petitioner Euth A. Popp is in poor health, confined to an institution furnishing medical care and support, is 75 years of age, and has no means of support other than monthly pension and Social Security checks in the total amount of $203.20. Her situation has been rendered particularly precarious by reason of the discontinuance of Medicaid assistance by the Monroe County Department of Social Services. As was stated in Matter of Grow (56 Misc 2d 398, 401): ££ Failure to .invade the principal of the trust here would be a breach of fiduciary duty. For the trustees to assert here that .there is authority to withhold benefits is for them to assert that they have discretion even to the extent of thwarting the intention of the testator and defeating the purpose of the trust. Eight reasoning and sheer justice constrain the trustees here to invade to meet the beneficiary’s unquestioned needs ”.
*169 Holding that the trustee could withhold corpus in his discretion would be saying that the decedent intended her sister to become a public charge. “It is not proper to say .that the deceased wanted the benevolence of the State to be used as the instrument for the preservation of a present or remainder interest in a trust ”. (Matter of Crow, supra, p. 401.)
‘ ‘ Where a trustee has been given freedom to act according to his own judgment in matters pertaining to another, and he fails, in the opinion of the court, to exercise such discretion in a proper manner, he may be compelled to do that which the trust fairly requires him to do”. (Matter of VanZandt, 231 App. Div. 381, 384, supra.) Were not the trustee required by the terms of the will to invade corpus in the situation herein, this court would compel the trustee to do so pursuant to the authority vested in this court pursuant to EPTL 7-1.6 (subd. [b]). (See Matter of Kerber, 71 Misc 2d 489.) It is the direction of this court that the trustee forthwith invade the corpus of the trust herein, and pay to the petitioner an amount sufficient for her maintenance and care at the nursing home, taking into consideration the sums which she receives monthly from her pension and from Social Security.
The .second question presented is whether the corpus of the trust could be considered a resource of the petitioner so as to render her ineligible for medical assistance. The executor and trustee and the residuary legatees claim that the trust assets should not have been considered in determining petitioner’s continuing eligibility for medical assistance and that the withholding of funds, therefore, would not be an abuse of discretion.
Section 366 of the Social Services Law sets forth the requirements for eligibiilty for medical assistance and directs the Department of Social Services to establish standards for determining eligibility for assistance taking into account available income and resources. Subdivision (a) of section 352.23 of the Social Services Regulations provides as follows: “ Resources shall be so utilized as to eliminate or reduce the need for public assistance, rehabilitate the client and conserve public funds through assignment and recovery. Applicants and recipients shall generally be required to utilize available resources and to apply for and otherwise pursue potentially available resources”. (18 NYCRR 352.23 [a].)
This court is constrained to uphold the determination of the department to discontinue medical assistance by reason of the recent decision in Matter of Smith v. County of Monroe (41 *170 A D 2d 1025, mot. for lv. to app. den. 33 N Y 2d 514). The decision in Matter of 8wdtli gives little guidance in determining this important question, since the Appellate Division confirmed without opinion .the determination of the State Commissioner of Social Services. However, an examination of the record therein indicates that the precise question presented herein was raised in that case. This court, accordingly, holds that the corpus of this trust fund, which can be reached if the trustee performs his duty, is a resource to the extent of the value of the corpus, and that the withholding of funds by the trustee, therefore, was an abuse of discretion (see Matter of Crow, 56 Misc 2d 398, supra).
This court is moved to note with displeasure the untenable position within which the petitioner was placed by reason of the dispute between the trustee and the Department of Social Services regarding payment for the maintenance and care of the petitioner. The result of this dispute is that petitioner has been without means of support other than her pension and Social Security payments for a period in excess of four months, and that she has had to petition this court for what is rightfully hers. The trustee cannot shut his eyes to petitioner’s needs, and neglect to act, or refuse to approve proper and necessary payments which come clearly within the contemplation of the trust. The Departments of Social Services should not, on the other hand, discontinuejnedical assistance to the needy without first assuring that án alternate means of providing maintenance and care are available. The better practice, and more humane procedure, would have been for the Department of Social Services to continue assistance, or, upon its refusal to do so, the trustee to make payments out of the corpus, until the questions presented in this proceeding are determined. The trustee and the Department of Social Services .should have been concerned more about the needs of the petitioner, and less about the other’s responsibility for satisfying those needs. This court will not tolerate the elderly becoming the innocent victims of bureaucratic obstacles at the most vulnerable point of their lives.