Michael A. Telesoa, S.
Petitioner, Gloria Marafioti Billings, income beneficiary of a trust created by the last will and testament of her father, Frank Marafioti, deceased, has petitioned this court for an order directing the trustee of the aforesaid trust to invade the corpus of the trust in the amount of $15,000 and to pay over to petitioner that amount for the support and maintenance of petitioner and her daughter.
Decedent died on October 25, 1971, leaving a last will and testament which was duly admitted to probate by the Surrogate’s Court of the County of Monroe on November é, 1971. Letters of trusteeship were duly issued to respondent, Leonard D. Marafioti, who has been and is now acting as trustee.
Several trusts are created by the will. With regard to the trust created for the benefit of petitioner, paragraph sixth, subpar. A (2) provides: “ The income from the other share of such residue of my estate shall be paid to my daughter Gloria Billings, or for her use and benefit, for and during the term of her natural life, and, in addition thereto, upon her request in writing, there shall be paid to my said daughter one-third (%) of the principal when she arrives at the age of forty-five (45), one-half (%) of the remaining principal when she arrives at the age of fifty (50), and the balance when she arrives at the age of sixty (60). Upon the death of my said daughter, Gloria Billings, I give, devise and bequeath the balance then remaining in the hands of my trustee, if any, to my granddaughter Theresa Billings ’ ’. The trustee has the ordinary powers and authority to invest, reinvest, sell and exchange the assets of the trust, but is not specifically empowered to invade the corpus of the trust for the support and maintenance of the petitioner. The corpus of the trust is $134,969.15.
The petitioner is 40 years old and lives with her 10-year-old daughter, Theresa Marie Billings. Pursuant to a separation agreement dated May 3, 1965, she separated from her husband Gerald W. Billings, and received intermittent support payment *208 for herself and her daughter. A final divorce decree was signed on February 26,1972, and petitioner continued to receive intermittent support payments through October, 1974. At that time her former husband was substantially in arrears in support payments and in payments for medical bills. Also, petitioner’s daughter, who had become very upset and ill whenever her father exercised his visitation rights, expressed the desire that she no longer see her father. Petitioner has also been ill, and has required medical attention on a monthly basis. Consequently, petitioner and her former husband entered into an agreement, dated December 12, 1974, whereby visitation rights were modified and support payments in the approximate amount of $100 a month to each petitioner and her daughter were, terminated. Petitioner felt that the agreement was in the best interests of her daughter and herself in order to avoid seeing her former husband and to avoid the necessity of continuously bringing lawsuits to compel payment for support and medical care.
Petitioner has been unemployed for the past 10 years, and, because of her medical problems, will continue to be unemployed. Consequently, she has no source of income whatsoever, other than the income from the trust, which amounted to $1,217.76 on the last quarterly payment.
The precise question presented in this proceeding is whether this court has the authority to direct the trustee to invade the corpus of the trust for the purpose óf providing support and maintenance for the trust beneficiary absent express authority to do so under the terms of the will creating the trust.
The authority for this court to direct an invasion of corpus for the maintenance and support of an income beneficiary, where there is no such authority in the will, is EPTL 7-1.6 (subd. [b]), which provides that the court “ may in its discretion make an allowance from principal to any income beneficiary whose support or education is not sufficiently provided for ”. The court must be satisfied, after a hearing, “ that the original purpose of the creator of the trust cannot be carried out and that such allowance effectuates the intention of the creator ”. It has been said that “ The basic objective of EPTL 7-1.6 is to remedy the oversight of the settlor in failing to provide the trustee with power to invade the corpus for the benefit of the income beneficiary, where the latter lacks sufficient income for his support ” (9A Rohan, N. Y. Civ. Prac., par. 7-1.6 [1].
It is evident from an examination of the will that the settlor regarded his, daughter, the petitioner, as the first object of his *209 bounty. Petitioner is to receive income from the corpus during her lifetime, and could, upon a written request, receive one third of the corpus at age 45, one half of the balance at age 50, and the remaining corpus at age 60. The settlor’s intention that petitioner ultimately receive the entire corpus of the trust is thus unquestionable.
Petitioner has established to the satisfaction of this court that the income from the trust is woefully insufficient to prqvide for her maintenance and support. She is presently ill and unemployed, and has no means of supporting herself and her child other than the quarterly income she receives from the trust in the approximate amount of $1,200. Given the present rate of inflation, petitioner’s situation can only deteriorate to the point where she becomes destitute, particularly in light of the fact that she is continuing to incur medical expenses because of her illness.
Respondent contends that the settlor intended that there be a well-planned and clear program for the distribution of the trust principal beginning when petitioner attains the age of 45 years, but not at any time prior thereto. Were the petitioner not in the financially difficult situation she presently finds herself, this might be true. But the settlor’s intent cannot be reasonably construed so as to require that petitioner languish in near poverty with insufficient maintenance and medical care while she awaits her forty-fifth birthday. The question posed upon an application pursuant to EPTL 7-1.6 is whether the settlor would have approved of this corpus invasion even though he may not have thought of it when the will was executed. (See Rohan, Practice Commentaries, McKinney’s Cons. Laws of N. Y., Book 17B, EPTL 7-1.6.) Right reasoning and sheer justice require that the question must be answered in the affirmative. The alternative is to make petitioner the object of the benevolence of the State as a public charge in order to preserve the corpus of the trust until she attains ’the age of 45 years, an alternative which has been found unacceptable. (See Matter of Cooper, 76 Misc 2d 166; Matter of Crow, 56 Misc 2d 398.)
In situations similar to that found in the instant case, the trustee has been compelled to invade corpus for the purpose of providing support and maintenance for an income beneficiary who has established the need. (See Matter of Browning, 76 Misc 2d 1041; Matter of Cooper, 76 Misc 2d 166, supra; Matter of Kerber, 71 Misc 2d 489.) It is significant that the only interested party who may have an interest adverse to the petitioner, namely, her daughter, who is a contingent remainderman, has *210 consented to the granting of the relief requested in the petition through her guardian ad litem.
Accordingly, it is the direction of this court that the trustee forthwith invade the corpus of the trust herein and pay to the petitioner the sum of $5,000 and an additional sum of $5,000 each year until the petitioner becomes 45 years of age, together ¡with any income due to her as specified in the trust, which sums are to be utilized by her for her support and maintenance.