William J. Regan, S.
Petitioner is the sole income beneficiary of a trust created by the decedent under the provisions of his will which was probated in this court on September 24, 1928 the decedent having died on September 16, 1928. The terms of the trust provide that income only should be paid to the petitioner, the widow of the deceased, until her death, and upon her death the trust income is payable for the benefit of a son and daughter of the deceased until the younger of the two should reach 50 years of age. The son predeceased decedent’s widow, so that there is now surviving the daughter, Marjorie Harris, who is in excess of 70 years of age and who, under the terms of the trust herein, will be entitled to the entire principal upon the death of the petitioner. Should she predecease petitioner, her children, who are presently all adults, take the corpus. In the event of the death of any one of these children, then their issue would take, and it is the interest of *1002 their issue that Mr. Millane is representing. Basically, if the trust were to terminate today, the only party interested in the trust corpus is the said Marjorie Harris, surviving daughter of the decedent.
Petitioner requests permission to invade the principal of the trust to the extent necessary to pay her nursing home care in a county home. Her present income is approximately $7,000, and the annual cost of nursing home care is approximately $14,000. The daughter of the petitioner, Marjorie Harris, who is the ultimate remainderman of this trust, as well as her children, all of whom are in excess of 21 years of age, have no objection to an order of the court directing this invasion. However, neither Marjorie Harris nor any of her children specifically consent to such invasion.
This application is made pursuant to EPTL 7-1.6. Prior to the enactment of this section, trust provisions of this type were considered spendthrift trusts and therefore indestructible. This is no longer so, however, under EPTL 7-1.6 which now puts these situations into two categories: One would pertain to an express trust created prior to the effective date of EPTL 7-1.6, September 1, 1967, this being paragraph (a) thereof, and the other, (b) thereof, pertaining to an express trust created after the effective date of that section. This application is made pursuant to EPTL 7-1.6 (subd [a]) which could apply only where all those beneficially interested in the trust are adult and competent and consent to the application in writing. Even with such consent the court must satisfy itself after a hearing that the original purpose of the decedent cannot be carried out without the invasion requested, and that such allowance effectuates the intention of the creator.
The guardian ad litem has opposed the invasion of the trust specifically on the ground that his infant wards are contingent remaindermen and as such are "benefically interested” and therefore not capable of giving consent. Under the circumstances he contends this section cannot apply. (Matter of Rotermund, 61 Misc 2d 324.) This is not, in this court’s opinion, the immediate problem. It is not necessary in this proceeding to pass on this issue or on the issue of the possible application of virtual representation inasmuch as the matter becomes academic by reason of the failure of Marjorie Harris, the immediate trust remainderman, to specifically consent to this invasion. In this regard, however, it is interesting to note the decision in Matter of Marafioti (80 Misc 2d 206) wherein *1003 the contingent remainderman, an infant, was joined in the proceedings and her consent was obtained via the guardian ad litem. In that case, however, the beneficiary applicant was to be entitled to the corpus of the trust upon her arriving at age 45.
This section has been applied by this court under circumstances where the invasion was deemed proper. (Matter of Block, 69 Misc 2d 840.) In that case the applicant was an income beneficiary who was indefeasibly entitled to the principal of the trust and the denial of the requested invasion would create such a hardship as to make him a public charge. In this proceeding, of course, the beneficiary petitioner is not indefeasibly entitled to the trust corpus. EPTL 7-1.6 (subd [a]) very clearly mandates that "all persons beneficially interested in the trust are adult and competent and consent thereto in writing”. The county in its memorandum suggests that the possibility of consent of the testator’s daughter and grandchildren be further explored. The fact remains that such consent has not been submitted. It is not within the province of this court to direct the giving of such consent. The county further contends that the trust violates the rule against perpetuity. Upon review of this argument, however, the court is satisfied that such argument is not applicable to the trust at bar.
The circumstances of this proceeding are such that it is inconceivable to the court that the testator would have required his spouse to resort to public assistance and welfare aid under circumstances where funds might otherwise be available for her support and maintenance. Certainly the deceased did not anticipate at the time of the drawing of the will the longevity of life that his wife has enjoyed. She is presently 97 years of age and in apparent good health. To deny the invasion requested produces what this court considers to be a harsh result. The burden of care and support should not be shifted to the county except in circumstances of dire need. The crux of the answer to this whole proceeding is the daughter, Marjorie Harris. In the absence of her consent, the language of the section is sufficiently clear and unambiguous as to leave this court no alternative but to deny the application.