S. Samuel Di Falco, S.
In this accounting proceeding objections have been filed with respect to invasions of corpus made *1026 for the benefit of the now deceased life beneficiary. Payments made after her death in connection with her last illness and funeral expenses totaling $2,782.50, of which $1,757.50 represents the cost of the funeral, are protested. The parties have waived a hearing.
Article Eighth of the will expressly authorizes the trustees, in their discretion, to pay or apply such portions or all of the principal as they deem necessary to 1 ‘ meet any emergency affecting such beneficiary ”. An affidavit of a sister of the person for whose benefit the contested payments were made attests to existence of the emergency and the lack of any assets belonging to that beneficiary sufficient to meet the cost of a decent burial.
In Matter of Montgomery (129 Misc. 14, 15) it is said: “Where a testator goes beyond mere income for support and shows a desire to have even the principal itself consumed in order to maintain the object of his bounty, not only in necessaries, but also in comfort, he is understood to have intended that such beneficiary should have every ordinary incident of the comfortable station or condition in life which his liberality was maintaining, and to have further intended not to bring the scene to a disgraceful close by stopping short at death and abandoning the body of the beneficiary to be buried, perhaps, as a pauper.” See, also, Matter of Frayer (155 Misc. 811, affd. 246 App. Div. 703) wherein this is cited with approval.
Accordingly, it is the ruling of this court that the charges for the last illness and funeral expenses of Lola M. de Acosta were properly paid and all objections are dismissed.