Joseph A. Cox, S.
Tire petition for construction requests a ruling as to the meaning and effect of paragraph Seventh of the decedent’s will, the pertinent portions of which read as follows:
A. I direct my Executor hereinafter named to hold one-half of my said residuary estate, in trust nevertheless, for the following uses and purposes:
To hold, manage, invest and reinvest the same and to receive and collect the income and profits therefrom and, to pay to or apply the net income to the use of my dear friend, lorenzo belasco, so long as he shall live. I hereby authorize and empower my said Executor at one time, or from time to time, to pay to or apply for the benefit of my said friend, lorenzo belasco, all or so much of the principal of the said trust as my Executor, in his sole discretion may determine, for the proper support, maintenance, health and welfare of the said lorenzo belasco, or for any other reason whatsoever. I am primarily interested in the welfare of my friend, lorenzo belasco and therefore direct that my Executor’s discretion in making payment of all or any part of the principal of the said trust shall be binding and conclusive on all parties who may be interested in my estate or in the said trust. It is my wish that payments from principal be made weekly or monthly as my Executor, in his sole discretion, may determine. Upon the death of said lorenzo belasco, or upon my death if he predeceases me, I hereby give, devise and bequeath the balance of the principal of the trust or the one half of my residuary estate, as the ease may be, to such incorporated non-profit scientific organization or organizations, empowered to take by Will, and devoted to medical research and the advancement of medical science, such as the American cancer society, inc. or the American heart association, inc., as my Executor in his sole discretion may determine.
The decedent’s will dated January 20, 1955 was admitted to probate in this court on June 23, 1960 and the executor named therein qualified as trustee on July 24, 1962. Lorenzo Belasco, the beneficiary of the trust, presently resides at the Bronx Nursing Home and since 1955 has been receiving public assistance from the Department of Welfare of the City of New York. The indebtedness due to the City of New York for public assistance rendered to the trust beneficiary since 1955 is alleged to he $17,906.91. The present cost of maintaining the trust beneficiary at the home is $274 per month and this monthly charge is paid as follows: $77 per month which is received by way of old age survivor’s insurance benefits and $197 per month which is received from the Department of Welfare. The principal of the trust is $2,999.
The trust beneficiary is not able to work, earns no money and has no source of income other than the funds in the hands of the petitioner .trustee. Although it cannot be seriously asserted that the public funds advanced to and for the trust beneficiary for his care and maintenance constitute income to *855 him, the trustee has nevertheless taken the novel position that there appears to be no need for the invasion of the trust for the benefit of the trust beneficiary other than for small luxury items because the needs of the trust beneficiary are being taken care of by the Department of Welfare of the City of New York. The fallacious nature of this argument is readily exposed when one inquires what the position of the trustee would be if the Department of Welfare did not or refused to support and maintain the trust beneficiary. (Matter of Gruber, 122 N. Y. S. 2d 654.) Charity bestowed by the State or any local political subdivision thereof to alleviate the suffering of the destitute is a grant or gift by an enlightened government that seeks to keep its less fortunate citizens from deprivation and want. It is in fact a gift by all the other citizens of the State and community who work, earn and pay taxes to the less fortunate who are unable to work and support themselves.
Subdivision (A) of paragraph Seventh of the decedent’s will reveals that the care, maintenance and support of the trust beneficiary was uppermost in the testator’s mind. The directions to the trustee to pay or apply for the benefit of Lorenzo Belasco “ all or so much of the principal * * * as my
Executor, in his sole discretion may determine, for the proper support, maintenance, health and welfare of the said lobewzo belasco, or for any other reason whatsoever ” (emphasis added) is unambiguous and constitutes a mandate to the trustee to disburse the fund for the maintenance, support, health and welfare of the trust beneficiary. The discretion granted and the later statement that the exercise of that discretion should be binding on all the parties interested in the estate indicates only the desire of the testator to protect the fiduciary against the claims of remaindermen in the event the entire fund was expended for the support and maintenance.
It is the opinion of this court that the language of paragraph Seventh makes it unnecessary to inquire as to the trust beneficiary’s other sources of income (Matter of Clark, 280 N. Y. 155; Rezzemini v. Brooks, 236 N. Y. 184) and that even if such inquiry were necessary (Matter of Martin, 269 N. Y. 305) the facts in the case at bar makes such inquiry needless and superfluous. The fact that the trust beneficiary is receiving public assistance from the Department of Welfare is in and of itself sufficient to indicate his want and need.
Under the facts and circumstances extant in the case at bar the refusal of the trustee to use the fund entrusted to his care for the support and maintenance of the trust beneficiary amounts to an abuse of the discretion granted to him under the will. *856 (Matter of Clark, supra.) As the amount being contributed by the Department of Welfare of the City of New York is $197 per month it is obvious that the Department of Welfare has expended for the support and maintenance of the trust beneficiary since the date of the decedent’s death more than the entire principal of the trust fund and the court, therefore, directs the trustee to use his discretion in the manner prescribed by the testator and to pay over to the Department of Welfare of the City of New York the balance -of the fund in his hands.
Submit decree on notice or consent accordingly.