Nathast B. Sobel, S.
In creating a discretionary trust consisting of her entire estate for her daughter Edna M. Kennedy, this is what testatrix Mrs. Miller said: “ during the lifetime of my said daughter Edna M. Kennedy, I authorize and empower my trustee from time to time to make such payments from the principal of said trust to my daughter Edna M. Kennedy as my said trustee in its sole and unreviewable discretion may determine to be necessary to meet any expenses of illness or to meet any other need of my said daughter * * * In determining whether to make payments out of principal to my said daughter, I direct that my trustee shall exercise its discretion liberally, it being my intention that to the extent possible, my said daughter shall at all times be protected against hardship or want. No remainderman or other person interested in my estate shall be entitled to question or hold my trustee liable for any payment made to my said daughter by my trustee pursuant to the foregoing.”
The quoted provision convinces that the daughter was the primary object of Mrs. Miller’s concern, not the remaindermen consisting of three charities.
The legal problem arises because Mrs. Kennedy died completely penniless. A hospital bill of $11,274 and medical bills of $1,350 have been presented to the trustee, Chemical Bank, for payment. The principal of the trust is ample — about $65,000. The trustee petitions this court for instructions. Only one of the three charities has appeared contending that the trustee has *756 no power to make these payments after the death of the life beneficiary.
The trustee in its brief puts the issue this way: “ The question before the court is whether these bills can be paid from the principal of the trust after the life beneficiary’s death by reason of the power of invasion of principal, or whether such power lapses upon the death of the life beneficiary. We have found no authority to the effect that a power to invade principal for the life beneficiary’s benefit survives the life beneficiary’s death and that it can be exercised in favor of the creditors of her estate ’ ’.
As the question is put, the answer is that the trustee has no power during the lifetime or after death of the income beneficiary to pay ordinary creditors. Mrs. Miller created an express ‘1 spendthrift ’ ’ trust placing income and principal before or after death beyond the reach of creditors. (Matter of Wentworth, 230 N. Y. 176.) It is the concept of the spendthrift trust rather than the terms of the trust which ordinarily prohibits invasion of the corpus to pay creditors.
The real issue here is whether the trustee is authorized under the terms of the trust to make principal payments “ to meet any expenses of illness ” of the beneficiary incurred during the beneficiary’s lifetime but unpaid at death. If Mrs. Kennedy had requested such invasion or if the trustee had without request made such payments during Mrs. Kennedy’s lifetime, these would be authorized if not indeed required under the express directions of Mrs. Miller’s will.
Professor Scott (2 Scott, Trusts, § 128.4, pp. 1026-1027) states the real issue: ‘1 Where a trust is created for the support of a beneficiary, it is a question of interpretation of the terms of the trust whether after the death of the beneficiary the trustee can properly pay debts incurred by the beneficiary for his support. The inference is that he is authorized to pay such debts; and where it would be an abuse of discretion not to pay them, the trustee can be compelled to pay them.” (Emphasis added).
No one can read Mrs. Miller’s directions with respect to ‘ ‘ expenses of illness “ want ” or “ need ’ ’, without concluding that she wished and expected the trustee to pay all such expenses incurred during her daughter’s lifetime whether billed to the trustee before or after death. The charitable remainder-men were secondary. No special meaning should be attributed to Mrs. Miller’s use of the term ‘1 during the lifetime of my daughter ”. This is a draftsman’s mannerism less persuasive than her use of the phrase ‘ ‘ at all times ’ ’.
*757 If satisfied that the medical bills presented are not excessive and that there exists no collateral source for payment the trustee is authorized and directed to pay them. The remaindermen are prohibited from questioning the trustee’s discretion.
My colleague Judge Di Falco has similarly ruled quite recently in construing a will less specific in its directions than Mrs. Miller’s. (See Matter of De Acosta, 38 Misc 2d 1025; as had Judge Foley in construing a trust direction closely akin to the one here under consideration; see Matter of Frayer, 155 Misc. 811, affd. 246 App. Div. 703; also, see, Perry v. Hall, 32 R I. 299.)
The trustee is authorized and directed to pay the hospital and medical expenses, first out of the undistributed income due to Mrs. Kennedy and the balance out of trust principal.