Edwin B. Obebwager, S.
Theresa Browning died on August 10, 1972 leaving a last will and testament which provided that all her residuary estate was to be held in trust 1 ‘ for the use, benefit and support of my beloved sister, Margaret L. Neylon, should she survive me ’ ’ and that the trustee thereof ‘ ‘ shall use the income and principal of said trust to the extent that she, in her unbridled discretion, may deem necessary for the support, care and general welfare ’ ’ of Margaret L. Neylon.
Margaret Neylon survived the testatrix and being unable to care for herself has been residing at Eden Park Nursing Home at Hudson, New York. She has been receiving medical assistance from the Columbia County Department of Social Services since November 1, 1970. Prom the date of death of the testatrix on August 10, 1972 to June 19, 1973 the cost of the medical assistance provided for by the department amounted to $6,013.14. The trustee reimbursed the department in the amount of $1,749.43 out of trust income, leaving a balance of $4,263.71 which the department seeks to collect out of the principal of the trust.
The question raised by this proceeding is whether the trustee may be compelled to invade the principal of the trust to reim-' •burse the Columbia County Department of Social Services for the unpaid balance owing for the services it provided for Margaret L. Neylon from the date of the death of the testatrix to June 19,1973.
The trust beneficiary is unable to work and is dependent on the income of the trust which is insufficient to pay for the cost of her care at Eden Park Nursing Home. Consequently the Department of Social Services has provided her with the necessary financial assistance. The trustee contends that there is no need to invade the principal of the trust because her support, care, maintenance and general welfare have been taken care of by the Department of Social Services.
In Matter of Van Gaalen (38 Misc 2d 853) such a contention . was disposed of by directing the trustee to invade the principal of the trust to pay therefrom a claim by the Department of Welfare of the City of New York for its expenses for maintaining a needy beneficiary of a trust at a nursing home.
The rule is clear that a trustee with broad discretionary power to invade the principal of a trust to provide for the maintenance, support, care or the general welfare of a beneficiary, *1043 upon proper showing, may be directed to do so to reimburse a public agency for the funds it advanced for such needs of a beneficiary. (Matter of Van Gaalen, 38 Misc 2d 853, supra; Matter of Schram, 49 Misc 2d 1025; Matter of Grow, 56 Misc 2d 398; Matter of Miller, 70 Misc 2d 755.) The fact that a trust beneficiary has received public assistance is in and of itself sufficient to indicate such needs (Matter of Van Gaalen, supra).
Where the intent of the testatrix is as clearly expressed as it is here and the trustee of a discretionary trust has not invaded the principal of the trust to support and maintain the beneficiary, the trustee’s discretion yields to and is subordinate to the equity powers of the court, where public funds have been used for the benefit of the beneficiary. Accordingly, the trustee is directed to invade the principal of the trust to the extent necessary to reimburse the Department of iSocial Services for the amount it expended to provide for the necessary care of Margaret L. Neylon for the period involved.