OPINION OF THE COURT
Bernard L. Reagan, J.
The last will and testament of Katherine K. McCaslin, dated April 30, 1976, together with a codicil thereto dated November 26, 1977, were duly admitted to probate in this court by decree entered March 15, 1978, and letters of trusteeship were issued to petitioner, Marine Midland Bank, N. A., on said date for a trust provided in the will.
The petitioner has brought on this proceeding to determine the validity, construction and effect of the trust provisions in the will which are contained in paragraphs “third”, “fourth” and “fifth”.
The question to be decided is whether a discretionary power given to the trustee to terminate the entire trust permits a partial termination of the trust. The court answers in the affirmative.
Paragraphs “third”, “fourth” and “fifth” of the will read as follows:
*28 “third: To the marine midland bank-central, a trust company having its office in the City of Syracuse, County of Onondaga and State of New York, I give and bequeath the sum of Two Hundred Ten Thousand Dollars ($210,000.00), in trust, to invest and reinvest the same, and to collect and pay over the income therefrom, in accordance with the provisions hereinafter set forth, for and during the lives of my grandsons, steven stanier, mark stanier, and philip stanier, and during the life or lives of such of their lawful issue as may be living prior to my death and survive me; and upon the termination of the last of which measuring lives this trust shall end, unless sooner terminated by my Trustee.
“fourth: In its discretion my Trustee may accumulate the income from said trust, or pay so much of the income to, or apply the same for the purpose of paying for the maintenance, support, education, or medical expenses of, any of the life tenants of the trust or any of their lawful issue, whether born before or after my death, in such proportions, in such amounts and at such times as my Trustee may deem necessary or desirable, even to the complete exclusion of any one or more of said life tenants and without regard to any principle or rule of law requiring impartiality. In its discretion my Trustee may at any time, or from time to time, pay or apply any portion or portions of the principal of the trust as my Trustee may deem necessary or desirable to or for the benefit of any of the life tenants of the trust or their lawful issue for the purpose of paying for their maintenance, support, education, or medical expenses, even to the complete exclusion of any one or more of said life tenants and without regard to any principle or rule of law requiring impartiality. Upon the termination of the trust, the principal thereof then remaining may be distributed to my said grandsons or the surviving lawful issue, if any, of my grandsons in such proportions as my Trustee may deem proper and desirable, or, if no such issue, or if the Trustee in its sole discretion should so determine, the trust fund may be distributed in accordance with the provisions hereinafter set forth disposing of my residuary estate.
*29 “fifth: Anything hereinabove to the contrary notwithstanding, my Trustee shall be empowered in its discretion at any time during the term of the trust to terminate the same, and to distribute the then principal thereof, together with accumulated and/or accrued income, and in any proportions that it may deem proper and desirable, to one or more of the then living members of a class consisting of my said grandsons and their lawful issue, whether born before or after my death; or, in my Trustee’s discretion, to distribute none of the principal or accrued interest to said grandsons or their issue in which case the said principal or accrued income, or both, or so much as has not been paid over to said grandsons or their issue, or any of them, shall be paid over to my residuary legatees to be paid strictly according to the residuary clause herein without discretion to my Trustee as among the residuary legatees”.
All of the residuary beneficiaries and the three named grandsons have either been cited or waived service of process and none has appeared. There is presently no issue of the grandsons.
The trustee wishes to make a distribution of corpus to the grandsons, all of whom are adults, for a purpose it believes may be other than “their maintenance, support, education, or medical expenses”, the standard specified in paragraph “fourth” for the invasion of principal. Therefore, the trustee proposes to partially terminate the trust under paragraph “fifth” and distribute principal pursuant to this provision.
The trustee’s discretionary power to terminate the trust is valid and the court will not interfere with the exercise thereof in the absence of bad faith or unreasonableness (Matter of McManus, 62 AD2d 758, affd 47 NY2d 717).
The court’s research has failed to discover a New York case which addresses the precise question as to whether a power to terminate the entire trust includes a power to effect a partial or pro tanto termination. The general rule is that a power to revoke the trust will be interpreted as including the power of partial revocation unless the trust instrument shows an intention to permit revocation of the trust only as an entirety (4 Scott, Trusts [3d ed], § 330.11, p 2613; Restatement, Trusts 2d, § 330, Comment n).
*30 Both logic and common sense support such a rule and it is herein adopted but the question remains as to whether the trust instrument evidences an intention to prohibit partial termination.
Clearly, the language of paragraph “fifth” is very broad and there appears no such limitation, explicit or implicit, to the exercise of the power. Conceivably, it could be argued that by allowing a partial termination under paragraph “fifth”, the invasion power under paragraph “fourth” is rendered meaningless, because an invasion could always be accomplished, in effect, by utilizing paragraph “fifth”; and, therefore, an intent to prohibit partial termination is deduced from a look at the trust provisions in toto.
This would not be a proper interpretation, though, because by referring to “maintenance, support, education, or medical expenses”, paragraph “fourth” has provided a standard by which, in the proper circumstances, an invasion of corpus could be compelled, independent of EPTL 7-1.6 (Matter of Cooper, 76 Misc 2d 166; Matter of Browning, 76 Misc 2d 1041). More recent cases, incidentally, have denied the application to compel an invasion where it would be for the purpose of reimbursing governmental agencies which have provided benefits to the trust beneficiary (see Matter of Maul v Fitzgerald, 78 AD2d 706, decided under EPTL 7-1.6; and Matter of Escher, 94 Misc 2d 952, affd 75 AD2d 531, affd 52 NY2d 1006, where the statute was inapplicable).
Thus, paragraph “fourth” is not rendered superfluous because of the power of partial revocation. An intention to prohibit this power is not present.
It is concluded that the trustee, Marine Midland Bank, has the authority under paragraph “fifth” to partially terminate the trust. Whether the trustee is reasonably and in good faith exercising its power is not now determined but will be taken up on the accounting.